

**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    *(503) 727-1000*
*Portland, OR  97204-2902*    *Fax: (503) 727-1117*

June 29, 2011

Ruben Iniguez
Assistant Federal Public Defender
101 SW Main , Suite 1700
Portland, OR 97204

    Re:    *United States v. Guy Lord Mattaliano*, Case No. 11-CR-98
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the Indictment, specifically alleging that on or about September 21, 2010, defendant knowingly possessed a firearm, to wit: a Remington, 12 gauge shotgun, that had been shipped and transported in interstate and foreign commerce, from which the manufacturer's serial number had been removed, altered and obliterated, all in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

3.    **Penalties**: A violation of violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B) is punishable by a maximum penalty of 5 years imprisonment, a fine not to exceed $250,000, a term of supervised release of up to three years, and a mandatory fee assessment of $100.  Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement, specifically but not limited to, violations of 18 U.S.C. § 922(g).

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable

Revised 02/03/10

Ruben Iniguez
Re: Guy Lord Mattaliano Plea Letter
Page 2

advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Acceptance of Responsibility**: **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.  **Low End Range**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. The government will not oppose a probationary sentence. With respect to the calculation of the advisory guidelines, the parties agree the adjusted offense level is 10 (base offense level is 12 under 2K2.1(a)(7); no specific offense characteristic or cross reference applies under 2K2.1(b) or (c); and -2 for acceptance of responsibility). Further, based on an estimated Criminal History Category of I, the parties calculate the advisory range is 6 to 12 months (Zone B).

11. **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the following firearm(s) or other property:

    A.  A Remington, 12 gauge shotgun, from which the manufacturer's serial number had been removed, altered and obliterated;

    B.  A Magnum Research, Inc. Desert Eagle, .44 caliber pistol, serial number 89662;

    C.  A Remington Arms 280 caliber rifle, model 742 Woodmaster, serial number 344269

13. **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    B.  Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any

Revised 02/03/10

Ruben Iniguez
Re: Guy Lord Mattaliano Plea Letter
Page 3

witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

///

///

Revised 02/03/10

Ruben Iniguez
Re: Guy Lord Mattaliano Plea Letter
Page 4

19. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

GREGORY R. NYHUS
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

July 13, 2011
Date                                         Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

July 13, 2011
Date                                         Attorney for Defendant

Revised 02/03/10